# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES LEE WILLIAMS, II, also known as James Lee Williams,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-225-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Lee Williams, II, appeals the 120-month above-guidelines sentence imposed following his conviction for wire fraud. Williams challenges the two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) that was applied based on a finding that the offense involved sophisticated means. He argues that the district court plainly erred in applying the enhancement because the fraudulent scheme was basic rather than sophisticated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10509

Because Williams failed to object to the enhancement in the district court, we review for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To meet this standard, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Section 2B1.1(b)(10)(C) provides for a two-level adjustment if the offense involved sophisticated means. The commentary to § 2B1.1 notes that "'[s]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." § 2B1.1, comment. (n.8(B)).

Williams's scheme involved numerous steps as well as a variety of means to conceal the fraud. He took steps to disguise the fraud by establishing a toll-free telephone number, representing himself as a ticket broker or employee of an airline, and sending fraudulent confirmation emails to purchasers. In light of these facts, the district court did not commit clear or obvious error in applying the sophisticated means enhancement, and he fails to establish plain error in the application of the enhancement. *See United States v. Conner,* 537 F.3d 480, 492 (5th Cir. 2008) (upholding enhancement on clear-error review when defendant resold goods on eBay that were fraudulently purchased and used a fictitious account in the offense).

He also argues that the district court plainly erred in failing to articulate its reasons for the above-guidelines sentence imposed. He contends that the court did not take into account his previous convictions and that, therefore, his prior criminal history was not the basis for the upward variance. Further, Williams asserts that this court cannot look to the district court's written statement of reasons to support the sentence because these reasons were

"already represented in the court's Guidelines calculations of the criminal history category and the rejection of the acceptance of responsibility decrease."

As Williams failed to present this argument in the district court, we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. While within-guidelines sentences require "little explanation," the district court must give a more detailed explanation for a non-guidelines sentence. *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005).

Contrary to Williams's assertion, the court was clear in its consideration of Williams's prior convictions as a reason for a sentence outside the guidelines range. The court did not consider charged conduct for which it was unable to determine whether Williams had been convicted; however, the court considered the actual convictions. Additionally, Williams's prior criminal history was not completely taken into account by the calculation of his criminal history score because many convictions did not receive criminal history points. Regardless, the district court was not precluded from considering factors already incorporated into the guidelines calculation. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

The district court's justification for the sentence imposed was "fact-specific and consistent with the sentencing factors enumerated in [§] 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Moreover, the court adequately explained the reasons for the sentence in its Statement of Reasons. *See United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002). Williams fails to show that the district court plainly erred in this regard.

Accordingly, the judgment of the district court is AFFIRMED.